IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG DUNIGAN, <br> No. B87014 , <br> <br>                 Plaintiff, <br> <br> vs. <br> <br> ST. CLAIR COUNTY <br> JAIL MEDICAL STAFF, <br> MENARD CORRECTIONAL CENTER <br> MEDICAL STAFF, <br> NURSE POLION, <br> NURSE LANG, <br> NURSE ANCHITA, and <br> NURSE CORONDA, <br> <br>                 Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 15-cv-00487-NJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Greg Dunigan is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action principally for deprivations of his constitutional rights with respect to his medical care while housed at the St. Clair County Jail and at Menard.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff was housed earlier this year at the St. Clair County Jail from February 5th through the 13th; he was then transferred to Menard Correctional Center. Although the voluminous complaint is rather muddled, it is clear that Plaintiff's primary claims pertain to being denied anti-seizure, hypertension, asthma, and psychiatric medications and the lack of treatment for his burning, oozing, bleeding penis (which he believes is caused by one or more sexually transmitted diseases).

According to Plaintiff, medical staff at the St. Clair County Jail obscured their identities, so he has sued "St. Clair County Jail Medical Staff," which the Court construes as an attempt to sue unknown Jail employees—"John or Jane Does." Similarly, he sues "Menard Correctional Center Medical Staff." Four nurses are sued by name, Nurse Pollion, Nurse Anchita, Nurse Coronda, and Nurse Lang.

Plaintiff seeks to be immediately released from prison for medical reasons, as well as monetary damages. In addition, he asks for a variety of remedies not available under Section 1983, such as asking that all defendants, as well as the Mail Room, be sentenced to ten years' imprisonment for attempted murder (how he characterizes the alleged lack of proper medical

care). The release of inmate Christopher Willis is also requested as a reward for Willis "saving his life." Relative to four prison employees who Plaintiff rates as "great," "greater," "more greater," and "the greatest," he asks that they get a $10 raise and be allowed to choose any position at the prison they want. In a less magnanimous gesture, Plaintiff insists that his wife, who is living with another man, not be allowed to share in any award from this case.

Plaintiff confusingly requests that his case be dismissed and simultaneously amended to add "all the wicked defendants starting from Medical to the new defendants in which is the Mail Room…." [sic] (Doc. 1, p. 11). The complaint also contains a section captioned "Second Amended Statement of Claim" (Doc. 1, pp. 36-38), and an additional section of "amendments" to the main narrative of claims (Doc. 1, pp. 49-57).

## Discussion

"[Federal Rule of Civil Procedure] 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although *pro se* pleadings are construed liberally, the Court (and the defendants) cannot be left to guess what claims Plaintiff intended to assert against which defendants. For example, throughout the complaint references are made to what "Defendants," "the Nurse," "she" and "they" did or failed to do, with no clear indication of to whom Plaintiff is referring—whether it be a named defendant or a "John Doe" defendant (*see also*, e.g., Doc. 1, p. 39). Because two different facilities and numerous unidentified defendants are involved, it would be virtually impossible for the named defendants to respond to the complaint, and the Court cannot allow such unclear claims to proceed against the unidentified medical staff at either facility. It is also

noted that "Nurse Pollion" is named as a defendant, but the narrative discusses "Nurse Pollion" and "Dr. Pollion." Consequently, the complaint (Doc. 1) will be dismissed without prejudice.

If Plaintiff elects to file an amended Section 1983 complaint, he should keep in mind that Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief…." As emphasized by the Supreme Court, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As a practical matter, that means setting forth in a coherent fashion which defendant(s) did what to Plaintiff, and—if Plaintiff elects—how that behavior violated the Constitution. When referring to an unidentified individual, a designation such as "John Doe #1" helps to eliminate confusion.

Plaintiff also must bring his claims stemming from events at the St. Clair County Jail in a separate action from the claims arising at Menard Correctional Center. Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Multiple defendants can be joined in a single action, but only if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B). Furthermore, in *George* the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act ("PLRA").

*Id.* at 607 (citing 28 U.S.C. § 1915(b), (g)).  Otherwise, prisoners easily could sidestep the requirements of the PLRA, in particular the provisions regarding filing fees.  *See id*.  Thus, Plaintiff can pursue one set of claims in the present action (for which he is already being assessed a filing fee), but the second set of claims will have to be brought in another action, requiring another filing fee (or he can move for leave to proceed as a pauper).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) and all named defendants are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **June 22, 2015**, Plaintiff shall file an amended complaint in this case, asserting claims stemming from *either* the St. Clair County Jail, or Menard Correctional Center, but not both.  Failure to file an amended complaint by the prescribed deadline will result in the dismissal of this action with prejudice, and the assessment of a "strike" for purposes of 28 U.S.C. § 1915(g).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:**  May 22, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**