IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREG DUNIGAN,<br>No. B87014 , | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 15-cv-00487-NJR<br>) |
| NURSE LANG,<br>NURSE ANCHITA,<br>NURSE CORONDA,<br>NURSE R. POLLION, and<br>NURSE OAKLEY, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Greg Dunigan is an inmate currently housed in Menard Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings suit alleging deprivations of his constitutional rights with respect to his medical care while housed at Menard.

Plaintiff, proceeding *pro se*, was unable to draft a viable complaint, so counsel was assigned to represent him. Plaintiff's Second Amended Complaint (Doc. 24) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the amended complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.

Plaintiff asserts an overarching claim stemming from the alleged failure of Nurse Lang, Nurse Anchita, Nurse Coronda, Nurse R. Pollion, and Nurse Oakley to treat his painful and serious medical conditions and/or injuries to his penis and other parts of his body. Each defendant purportedly examined Plaintiff but deliberately failed to provide necessary care, referral for medical evaluation, and medication. Defendants are sued in their individual capacities for compensatory and punitive damages.

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

Allegations that painful, sexually transmitted diseases are involved sufficiently suggest that a serious medical need is at issue. Furthermore, the intentional withholding of efficacious treatment that results in delay, serious harm or unnecessary pain can violate the Eighth Amendment. *See Berry,* 604 F.3d at 441. Erroneous treatment constituting a substantial departure from accepted medical judgment, practice, or standards may also constitute deliberate

indifference (*see Gayton,* 593 F.3d at 623). Thus, a colorable Eighth Amendment claim has been stated against the five defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Eighth Amendment claim against **NURSE LANG, NURSE ANCHITA, NURSE CORONDA, NURSE R. POLLION, and NURSE OAKLEY** shall proceed.

Because Plaintiff is represented by counsel (who has already requested summons forms), and in the absence of a motion for service of process at government expense, Plaintiff's counsel, not the Clerk of Court, shall bear responsibility for the service of process upon Defendants. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

DATED: October 19, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**